UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PAMELA K. KEEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:14-cv-00251-JMS-WGH |
| | ) |
| UNIFIRST CORPORATION doing business | ) |
| as UNICLEAN CLEANROOM SERVICES, | ) |
| AMERIDOSE, LLC, | ) |
| | ) |
| Defendants. | ) |

## **ORDER TO FILE AMENDED COMPLAINT**

On August 15, 2014, Plaintiff Pamela Keen filed a product liability action against Defendants, alleging that this Court could exercise diversity jurisdiction over this action.[1] [Filing No. 1 at 3-5.] Because several of Ms. Keen's jurisdictional allegations are deficient, the Court cannot determine whether diversity jurisdiction is present.

First, Ms. Keen alleges that she is "a resident" of Indiana. [Filing No. 1 at 4.] An allegation of residence is inadequate. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). Residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Second, Ms. Keen alleges that Defendant Ameridose, LLC ("Ameridose"), "is a Massachusetts limited liability corporation with its principal place of business located in . . .

---

[1] Ms. Keen summarily alleges that this Court also has original jurisdiction pursuant to 28 U.S.C. § 1334(b) because this matter is allegedly related to a Chapter 11 bankruptcy case pending in Massachusetts. [Filing No. 1 at 3.] It is not apparent from Ms. Keen's cursory allegation if any party to this matter is involved in the Massachusetts bankruptcy, and Ms. Keen makes no allegations concerning how this matter is related. For purposes of this Order, the Court will focus on Ms. Keen's allegations concerning the Court's alleged diversity jurisdiction.

Massachusetts." [Filing No. 1 at 4.]  Ms. Keen further alleges that Ameridose is "owned, operated, and managed by the same people that own, operate, and manage NECC." [Filing No. 1 at 4.]  Ms. Keen makes no jurisdictional allegations identifying NECC or the people who allegedly own, operate, and manage it.

The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003).  "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543.  Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient.  *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").  Because Ms. Keen has not made any jurisdictional allegations concerning what type of entity NECC is or the people who allegedly own if (if it is an unincorporated association and that is relevant), Ms. Keen has not properly pled the citizenship of Defendant Ameridose.

Third, Ms. Keen alleges that the amount in controversy "exceeds $75,000.00." [Filing No. 1 at 3.]  For the Court to have diversity jurisdiction over her action, however, the amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

Because Ms. Keen's Complaint insufficiently alleges the existence of diversity jurisdiction, the Court **ORDERS** her to **file an Amended Complaint** by **September 2, 2014**, properly setting forth a basis for this Court's jurisdiction.  Defendants need not answer or otherwise respond to Ms. Keen's initial complaint.

August 20, 2014

*signature*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Edward B. Mulligan, V
COHEN & MALAD LLP
nmulligan@cohenandmalad.com